THE CAPE FEAR AND DEEP RIVER NAVIGATION COMPANY
*v.* MILES COSTEN.

The Act of 1858 -'59, ch. 142, does not purport to extinguish the Cape Fear & Deep River Navigation Company; and does not in fact extinguish it.

What the effect of that Act may be in some other respects,—*Quære ?*

The Statute of Limitations upon a cause of action against a stockholder in that Company, for the balance of his subscription after a sale of his stock, begins to run from the time of such sale, and not from the time of the last assessment upon the stock.

Parties to appeals have no right to waive appeal bonds so far as costs are concerned.

ASSUMPSIT, tried before *Heath, J.,* at Fall Term 1863, of the Superior Court of CHATHAM.

The plaintiff is a Company, chartered by Act of Assembly passed at the session of 1848–'49. The defendant had subscribed to the capital stock of the Company, and his stock had been duly assessed, (January 20, 1853) and upon his failure to pay the assessment, had been sold (on the 14th of March, 1854) according to the provisions of the charter. This action was brought on the 25th of August 1856, for the balance of the subscription after applying the proceeds of the sale.

By the Act of 1858–'59, ch. 142, it was provided that the property, corporate powers, privileges and franchises of the Company should be sold, and that the Governor of the State should purchase the same, and thereupon they should vest in the State of North Carolina To such sale a majority of the stockholders in general meeting assented, whilst a minority protested against it. The sale accordingly was made, and the property, &c., was bought by the Governor.

In the Court below, the plaintiff submitted that the Act of 1858–'59 was unconstitutional, and, if that were otherwise, still transactions under it did not affect the existence of the Company. On the other hand, the defendant submitted that the Act of 1858–'59 was constitutional, and that under it and the subsequent sale, the Company had been extinguished, and that so this suit had abated.

The Court, upon the facts agreed, gave a judgment for the plaintiff, and the defendant appealed.

*Howze*, for the appellant.

*Phillips & Merrimon*, contra.

DICK, J. It is admitted in the "case agreed" that the plaintiff was a corporation duly organized under an Act of the General Assembly of this State; and the first, and principal question presented for our determination, is, whether the plaintiff still has a corporate existence. It is insisted that the corporation was dissolved by an Act of the General Assembly, ratified the 16th day of February 1859.

In England the power of creating corporations is a part of the Royal prerogative, which is respected by the transcendent authority of Parliament. 1 Black. 473. When the King creates a corporation by letters patent, he cannot by his prerogative change the terms of his grant, or dissolve the body politic. This can only be done with the consent of the corporation, or by Act of Parliament, whiah is boundless in its operation. By the mutual consent of the King and his patentee, the terms of the patent may be changed, enlarged or diminished.

In this State, the power of creating corporations is vested in the Legislature, and there are two kinds of corporations recognized by our law:

1. Such as are created solely for the benefit of the public, and in which the citizen has no private individual interest.

2. Corporations which are based upon contracts between Legislature and citizens, and in which individual rights and interests are guaranteed.

Over the first class, the Legislature has entire control, and may modify, change and destroy them, at pleasure. *Mills* v. *Williams*, 11 Ire. 558.

Over the second class, the Legislature has power only so far as provided for in the charter of the corporation. The charter is a contract which is protected by the Constitution of the United States, Art. 1., sec. 10; but that provision does not prevent the parties from making changes, by mutual consent, in the obligation of their contract. It may require the unanimous consent of the corporators to surrender their franchises, or make any material change in the terms of their charter, but a majority generally have the power to make by-laws, rules and regulations, and to direct a sale of the corporate property.

The Cape Fear and Deep River Navigation Company is a corporation belonging to the second class above named, and we must enquire if the Act above referred to, and the proceedings had thereunder, had the purpose of dissolving the said corporation. We are of opinion that the Act did not,

contemplate such a purpose, and had no such effect. Its declared purpose is " to protect the interests of the State," in said corporation. It provides, "that if a sale of the property and effects,' &c., of said Company is made,⁸⁄₂ then the Governor of the State is authorized to purchase and take a conveyance to himself and successors in office, "which shall vest absolutely in the State of North Carolina, all the property, corporate powers, privileges and franchises of said Company.

Under an order made by a majority of the stockholders, at a regular meeting, the property was sold, and the Governor became the purchaser, and took a conveyance as directed in said Act. This transaction does not affect the plaintiff's right to recover in this suit, for whether the act was constitutional or not, the corporate existence of the plaintiff is not destroyed. This was not a surrender of the corporate franchises on the part of the stockholders, and was not so considered by the Legislature; but it was a sale and transfer, made between parties able and willing to make the contract, and did not dissolve the corporation. *State* v. *Rives*, 5 Ire. 297.

Whether the corporate franchises passed to the Governor and his successors under said conveyance, as against the protesting stockholders, is a question which it is unnecessary for us to decide, in passing upon the rights of the parties to this suit. We have not the power to adjudicate upon the rights of parties not before us. It is sufficient for the purposes of this case, that the plaintiff still has a corporate existence.

We concur in opinion with his Honor in the Court below, upon the insufficiency of the plea of the statute of limitations. The defendant was a delinquent stockholder, and was proceeded against under the provisions of the 9th section of the charter of said company. The plaintiff's cause of action did not arise until the sale of the stock of the defendant, when the deficiency was ascertained for which this suit is brought. The writ was sued out within three years from the time the cause of action occurred.

Parties to a suit have no right to waive an appeal bond, so far as costs are concerned. Hereafter, the clerk of this Court will not state any such case upon his docket, unless the costs of the Court are secured.

PER CURIAM.                                      Judgment affirmed.