### Paakuku (w.) *vs.* Komoikehuehu.

A RULE of Court, made in pursuance of a statute has the force of law. After decree, counsel have no authority to allow an appeal to be taken against it, after the time for perfecting an appeal has elapsed.

#### OPINION BY A MAJORITY OF THE COURT.

In this case a decision was made on the 1st day of September in favor of the plaintiff. The Section 859 of the Civil Code gives a right of appeal, but prescribes no time within which that appeal must be taken; the IV rule of Court prescribes 10 days as the limit within which an appeal may be taken,—the appeal in this case was noted September 2d and the bond which was required by the rule for the completion of the appeal was filed September 14 and costs paid the same day, and the plaintiff's counsel on the same day filed an agreement to the effect that he consented to the appeal. The question now arises whether the appeal is a good one or not, the stipulation above referred to notwithstanding—not having the authority of the plaintiff herself.

1st. Had the counsel by virtue of his employment as such, authority to make such a stipulation and bind his client? The authority of counsel over a case, ceases with the final judgment, so that it becomes a question whether by operation of law the decision of the Justice below had become final at the date of the filing of the bond required to perfect it.

In Lewis *vs.* Glammage, 1 Pick., 350, it was held that the

discharge of an attorney from an execution for a less sum than that due on it, was valueless to shelter the debtor. In 6 Com. Pleas, 444, Lovegrove *vs.* White, it was held "that an attorney cannot enter into a binding agreement to postpone execution for a given time, for if he could do so, he might bind his client not to issue for a year, or any length of time."

In 11 Ad. and Ellis, p. 829, it was held that "an attorney cannot license the marshal to discharge a prisoner on execution." See likewise 36 Maine, 496.

In 21 Connecticut, 255, it was held that "an attorney could not make a binding agreement to compromise for an injury without express authority from his client." "An attorney may control the manner of conducting a cause, but cannot waive any substantial acquired right of his client." Howe *vs.* Lawrence, 2 Zab., 90.

In Moulten *vs.* Bonker, 115 Mass., 40 (1874), C. J. Gray says "that an attorney may do all acts in or out of court necessary or incidental to the prosecution and management of his suit and which affect the remedy only and not the cause of action."

Now all these authorities fall short of this one, for if the attorney, after judgment has become final by the lapse of time allowed for an appeal, can enter into a stipulation to raise the questions again before an appellate tribunal, one day after it, he can (as was said in Lewis *vs.* Glammage, quoted above) do it after the lapse of a month, a year, or any length of time.

In Fairchild *vs.* Daten, 38 Cal., 286, it was held that if one of the grounds of motion to dismiss an appeal be, that the appeal was not taken at the proper time, it is not waived by the failure to state it in the motion to dismiss, for it goes to the jurisdiction of the Court. And certainly it makes no difference that the Justice from whose decision this appeal is made is a member of this Appellate Court. The case

stands the same as if this Court was a separate and entirely distinct tribunal.

In Gardener vs. Dudley, 12 Gray, 430, it was held that an appeal was bad and that the Appellate Court had no jurisdiction, because the appeal was taken outside of the time prescribed by the Police Court of the city of Boston, in rules promulgated by that Court for its own guidance; that Court being authorized by statute to make rules for its guidance.

It is true that in the California case above referred to, there was a statute limiting the time of appeal, and the respondent eventually made the motion, but rules have the same effect as statutes, if made in pursuance of the statute, and courts look to their own records even without the intervention or motion of counsel. Thompson vs. Hatch, 3 Pick., 515.

This decision made in 1827, has never been overruled or amended. It reads, "we consider it to have been manifestly the intention of the Legislature * * * * to commit to the Court the power to establish rules upon this subject, because the Justices would be better able than the Legislature, to determine what would be most fit and convenient to the public. * * * * (Our law is similar to it). But a rule of Court thus authorized and made, has the force of law, and is binding upon the Court, as well as upon the parties to an action, and cannot be dispensed with to suit the circumstances of any particular case. In the case before us, the plea was allowed to be filed on the fifth day of the term, although the rule allows but four days for that purpose. The circumstances were such as would justify that order of the Court, if it had power to pass it; but we are satisfied that no one Judge of the Court of common pleas or of this Court, has authority to dispense with rules deliberately made and promulgated, on account of the hardship of any particular case, any more than he would have authority to dispense with any requisition of the Legislature itself.

"The Courts may rescind or repeal their rules, without doubt, or in establishing them may reserve the exercise of discretion for particular cases.    But the rule once made without any such qualification, must be applied to all cases which come within it, until it is repealed by the authority which made it.

"Disregarding therefore the form in which the question has been presented to us, seeing upon the record which is brought before us by appeal, that the plea was filed contrary to the standing rule of the Court, we now reject it."

The Appellate Court can have no jurisdiction because of the failure of acts in the Court below necessary to give the Appellate Court jurisdiction; and if it have no jurisdiction by force of law, then no consent of counsel can give it jurisdiction.

In Powell's appellate proceedings, page 89, it is said, "in order to exercise appellate jurisdiction, an appeal should be brought within the statute time" (or time prescribed by the rule).

In determining whether the attorney had power without express authority to assent to the appeal, perhaps the question may arise—was the decision of the Justice who heard the case final, or had it become final at the date of the alleged appeal—for if it is so, counsel had clearly no further authority over it.

Now a decree is none the less final because it may require some future order of the Court to carry it into effect.

In Mills *vs.* Hoag, 7 Paige, 18, the Court quotes Chief Justice Savage as follows :

"A final decree is the last decree which is necessary to be entered to give the parties full and entire benefit of the judgment of the Court."

In 11 Paige, 189, it is said "where a decree disposes absolutely of the whole subject matter of litigation and leaves nothing further to be done in relation thereto by the Court, it is final.

Again, 10 Wallace, 583, Stovall *vs.* Banks, "the fact that execution might have to be taken out to obtain possession of the land makes it no less final."

Again, "where a decree decides the right of property and annuls deeds, it is a final decree;" 16 Curtis, 655.

Tested by all these rules, the decision made on the first day of September in this case was a final decree in this case, subject to appeal in accordance with Section 859 in the Civil Code, as limited by rule No. 4 of the Court. Then on the 11th day of September the decree was not only final, but the whole matter was absolutely at rest.

This matter may be tested by a very simple supposition.

Suppose that the plaintiff had been made aware of the decision in her favor on the 1st, and had on the 11th offered to sell her right to a third person, who having made himself acquainted with the facts of the case by consulting the records of the Court, bought and paid for her right, would the consent of her counsel to re-open the case on the 14th affect such purchase? most certainly not. The attorney had done all that he was hired to do, and more especially when it is taken into consideration, that what the Court had ordered to be done, having authority so to order, is to be considered as done. Therefore it having been decided on the first, that the deed of the plaintiff to Mr. Ii was void by the operation of law, it became absolutely void on the 11th and the plaintiff became reinvested of the property on that day, as though no such deed had ever been made, and her counsel had no authority again to put her title in jeopardy and most certainly not without her consent.

In the matter of Keliiahonui's will in this Court, appeal taken after ten days had elapsed, was not allowed, because that, by the analogy of other statutes it was considered by the Court that it could not be allowed, though no rule had then been made to supplement Section 859 of the Civil Code.

Our conclusion is that the jurisdiction of the Court below

Paakuku (w.) *v.* Komoikehuehu.

terminated on the 11th of September, and the jurisdiction of the Appellate Court did not attach in consequence of nonconformity with conditions precedent and now never can attach. An agreement that an appeal may be taken and considered after the time for taking an appeal has passed and thus putting in issue the rights of a client after they have been conclusively settled by a court of competent jurisdiction, is the exercise of an authority which is not implied from the relation of attorney and client. The Court seeing on its own record, that the conditions of an appeal presented by rule 4th had not been complied with, we arrive at the conclusion that the appeal to the full Court cannot be allowed, and the judgment of Justice HARRIS of the 1st September must therefore stand.

A. S. Hartwell for plaintiff.

S. B. Dole and W. C. Jones for defendant.

Honolulu, October 28th, 1875.

———

ALLEN, C. J., dissenting : A judgment was rendered in favor of the plaintiff, and an appeal noted by the attorney for the defendant, who failed to perfect his appeal within the time required by the rules of Court, and the omission was by agreement in writing waived by the plaintiff's attorney, and in pursuance thereof, the appeal was subsequently perfected, and the case presented and argued before the Appellate Court who have it now under consideration for a final decision. I do not understand now that the attorney for the plaintiff requests the Court to dismiss the appeal made in pursuance of his agreement.

The sole question is whether the attorney had a right to waive this omission, and whether an agreement to allow the appeal to be perfected is within his authority.

While an attorney cannot discharge the cause of action, he may elect and control the remedy and the manner of conducting a case.

Galliard *vs.* Smart, 6 Conn., 385. An attorney may bind his clients to waive a notice required by statute, while the suit is pending, Allen *vs.* Gilmantan. An attorney being in Court instead of his client, may make any disposition of the suit, and omissions of facts which the party himself could make. 2 Salk., 86; Tidd., 84. This does not subject the parties to any unreasonable risks, as they select their own attorney, and if unfaithful, they have a legal remedy against him for misconduct. 2 N. H. R., 520.

He may waive objections to evidence, make admissions in pleadings, or by parol, and enter non-suit, or default. He can execute leases, or confess judgment.

This agreement is part of the record, and cannot be evaded or avoided.

Yates *vs.* Russell, 17 John, 468; 3 Cranch, 297.

The judgment in this case was not final, for the party appealed, and instead of submitting the grounds of objections to appeal to the consideration of the Court, the attorney for the plaintiff waived them, and under that agreement the appeal was perfected. I do not regard it as a matter of course, that the appeal would have been disallowed. There may be such an effort on the part of the attorney to perfect the appeal within the time as to satisfy the Court that it should be allowed, although the papers were not filed at the time with the clerk.

I do not regard the rule as inexorable. It is the same as a provision of law that when process is issued against a party, service shall be made by the marshal or his deputy, but it is the constant practice to waive it by the attorney, and service is acknowledged by him, and I have not known it called in question.

Attorneys are responsible for a faithful discharge of their duties, and it is not worth while to limit the authority which they have usually exercised.

In the case of Moulton *vs.* Bankur, 115 Mass. R., 40,

Chief Justice Grey says, that an attorney at law has an authority, by virtue of his employment as such, to do in behalf of his client all acts, in or out of Court, necessary or incidental to the prosecution and management of the suit, and which affect the remedy only and not the cause of action.

Chief Justice Shaw says, in the case of Davis *vs.* Sumner, 13 Met., 271, that when an appearance is entered for a party by a regular attorney all parties have a right, *prima facie*, to regard him as the accredited representative of such party.

It is begging the question to say that the rights of the party were legally established in this case. They were not legally established while under discussion in the Court. The case was not settled, and there was no final judgment. This is the cause of the error in reasoning.

It is not denied that he may appeal, or refer a case to arbitration.

Buckland *vs.* Canney, 16 Mass., 396. Should this authority as exercised in this case be denied an attorney, it would be a restriction which by analogy, would limit his discretion to a very troublesome extent in Court, and he would cease to be, in the language of Chief Justice Shaw, "the representative of his client."

In the case of Thompson *vs.* Hatel, 3 Pick., 512, the plaintiff objected to the filing of a plea on the fifth day of term because by the rules of the Court of common pleas, no plea in abatement could be filed after the fourth day of the term.

Had the plaintiff's counsel in the case at bar objected to the perfecting of the appeal, he would have done it successfully so far as the case appears, but he deemed it proper to waive the time prescribed by the rules, and I have no doubt that in the case of Hatch *vs.* Thompson, had the counsel waived the objection to the day of filing the plea, the Court would have taken no notice of it.

I submit with great respect that there is a very great dis-

tinction in the cases cited in the opinion of the Court and the case at bar. In those cases there was no waiver by the counsel of the appellees—and that is the only question involved.

In this case the question of appeal was still involved at the time of the waiver, and in consequence of it, the appeal was perfected, and the case submitted without objection, to the full Court; and I am of opinion that it is hardly competent for the Court of its own motion after having allowed the appeal by virtue of the waiver of counsel, to resume its consideration at this stage of the case and reverse its proceedings.