E. DE HERBLAY *vs.* SAMUEL NORRIS.

QUESTION RESERVED.

HEARING, APRIL 21, 1893.          DECISION, JULY 24, 1893.

JUDD, C.J., BICKERTON, J., AND WHITING, CIRCUIT JUDGE.

(Frear, J., having been of counsel in the case, by request
Circuit Judge Whiting sat in his stead.)

Upon the stipulation of parties that an action may be heard, jury
waived in vacation, the same may be heard to final decision, and
judgment may be entered in vacation thereon.

OPINION OF THE COURT, BY WHITING, JUDGE.

This case is presented to us upon two questions reserved
by Mr. Justice Bickerton in the following statement:

"The defendant, on the 9th day of February, 1892, moved
for a stay of execution for the following reasons:

1.  Because said action is in law an action of assumpsit,
and that said action, as appears by the plaintiff's declaration,
was and is properly and legally barred by the Statute of
Limitations of six years, and that judgment was and is there-
fore erroneous and void.

2.  Because judgment herein was entered inadvertently,
erroneously and contrary to the rules of Court.

3.  Because execution issued on the judgment so entered
is and ought to be stayed until the defendant can obtain a
hearing upon his motion to set aside said judgment, and to
sue out a writ of error on the same if such motion be denied.

Stay of execution was thereupon granted to enable the de-
fendant to obtain a hearing before the Supreme Court at the
next April term thereof upon a motion to set aside the judg-

ment, and in arrest of the same, the said defendant having filed the bond required by statute.

On the first day of this April term defendant moved to set aside the judgment, and that further judgment be arrested on the grounds:

1.   That the said judgment was entered pending the decision of the Court in Banco on the defendant's exceptions and contrary to the rules of this Court.

2.   That the pleadings in the cause show that said action was and is barred by the Statute of Limitations of six years.

An affidavit was also filed showing that no evidence was offered at the trial of the cause of a new promise on the part of the defendant to pay the claim sued on.

I find that said cause was commenced and service of the complaint therein made upon the defendant on September 4th, 1890.

That said cause was tried before Mr. Justice Dole, jury being waived, on August 6th, 1891.

That during said trial certain exceptions were noted in writing by defendant and allowed by said Justice.

That the said Justice filed his written decision therein on the 22d day of August, 1891, in favor of the plaintiff.

That on August 25th, 1891, judgment was entered for $11,294.23 and $23.65 costs.

That on August 29th, 1891, defendant filed his bill of exceptions embodying one of the exceptions taken by him at the said trial, and two exceptions taken to the findings in said decision, and said bill of exceptions was allowed.

That on December 5th, 1891, the said Justice allowed the plaintiff's attorney's bill of costs for $401.85, including attorney's commissions as in assumpsit.

That on December 7th, 1891, execution issued by order of the said Justice for $12,032.73, to wit: $11,601.93 debt and $430.75 costs.

That no amendment of the judgment roll or additional judgment was entered.

That the defendant's exceptions were overruled on February 6th, 1892.

I therefore reserve for the consideration of the full Court in Banco the questions:

(1)  Whether the judgment entered should be set aside.

(2)  Whether further judgment should be arrested for the cause alleged in defendant's motion.

The pleadings in the case and the decision of Mr. Justice Dole may be referred to as a part hereof.

RICH. F. BICKERTON,

Justice Supreme Court.

### DECLARATION.

"The plaintiff above named, E. de Herblay, complains of the defendant above named, Samuel Norris, a foreigner by birth, and for cause of action alleges:

That heretofore, to wit, on the 4th day of October, 1870, in the city of New York, State of New York, in the United States of America, the plaintiff brought her certain action at law against the defendant in the Supreme Court of the State of New York, for the city and county, to recover from said defendant the sum of $4,686.00, with interest thereon and costs of suit.

That at the time of commencement of said action and the rendition of the judgment therein, hereinafter mentioned, the said Supreme Court was a Court of Record in said city and county of New York, having jurisdiction over the parties plaintiff and defendant in said action, and having jurisdiction over the subject matter of said action.

That thereafter, to wit, on the 25th day of October, 1870, such proceedings were had in said action, that said Court rendered judgment in favor of this plaintiff and against the defendant, for the sum of $5,368.53 principal, interest and costs.

That no payment of said sum due upon said judgment or any part thereof has ever been made, and the same is now wholly unsatisfied.

That by the statutes of the State of New York there is now due upon said sum in judgment and interest at the rate of six per centum per annum, making in aggregate the sum of $11,294.23, which is now due and owing from defendant to plaintiff.

Wherefore plaintiff prays that process issue to cite the said defendant to appear and answer the demand of plaintiff at the October Term, 1890, of this Court; and that if the said defendant fail to appear and answer, the plaintiff recover judgment against defendant by default for said sum of $11,294.23 and her costs of suit.

E. DE HERBLAY,

By her attorney in fact,

PAUL NEUMANN."

ANSWER.

"And now comes said defendant and denies the truth of all of the allegations in the plaintiff's complaint contained.

And the defendant gives notice that he relies upon the additional defences of fraud, illegality and payment and the Statute of Limitations, and says that the alleged cause of action did not accrue within the time limited by law for bringing such actions.

SAMUEL NORRIS,

By his attorney,

F. M. HATCH."

JUDGE DOLE'S DECISION.

The decision, after declaring that interest on the judgment can be allowed, and overruling the defendant's objections to opening the case to allow further evidence by the plaintiff, and to the service in the original action made on the defendant by plaintiff's attorney, concludes as follows:

"The allegations of the complaint are satisfactorily proved, and the plaintiff is entitled to judgment, but having declared

only for $11,294.23, as the aggregate amount due on a basis of six per cent. interest, it is limited to that amount.

Let judgment be entered accordingly.

SANFORD B. DOLE."

There are two stipulations on file.

1st. That the action may be heard by a Justice of the Supreme Court without a jury.

2d. That this case shall be called up for hearing on Thursday, August 6th (1891), or as soon thereafter as reasonably practical.

It was heard on August 6th, 1891, in vacation, according to this stipulation of parties.

It is claimed that the judgment entered on August 25th in vacation was entered inadvertently, erroneously and contrary to the rules of Court.

The Supreme Court rule relating to the entry of judgments (promulgated January Term, 1889,) provides that "the attorneys of the party in whose favor a verdict or decision shall be rendered shall before the end of the term in which such verdict or decision shall be rendered, or within ten days thereafter or if in vacation, within fourteen days after the rendering of such decision, provided no exceptions have been allowed, file a record of the proceedings (in a form set forth or as near thereto as the circumstances of the case will permit) which shall be the record of the case. The Clerk of the Court shall state the actual date of the entry of judgment in the margin of the record, and shall affix the seal of the Court thereto."

Section 1155 of the Civil Code is as follows:

"Judgment shall be entered by the clerk, without motion, immediately upon the rendition of a verdict, or of a judgment of the Court in Banco, or of a Judge at Chambers, and execution may issue thereon at any time thereafter when called for, unless notice is given at the time of rendering the verdict, or judgment, of a motion for a new trial and the filing of a bill of exceptions and bond as provided by statute within

ten days after the rendition of such verdict or judgment; provided, that execution may issue within ten days, even though such notice be given, when good and sufficient cause can be shown therefor. The provisions of this section shall not affect the right of appeal."

Mr. Justice Dole in his decision of August 22, 1891, orders judgment for the plaintiff, and in accordance with this decision the plaintiff made out the record required by the rule of Court, and judgment was entered on August 25, 1891.

The stipulations of the parties gave the Justice jurisdiction to hear this action without a jury and in vacation, and an incident to the hearing is the decision and the determination; judgment follows the verdict or decision and the entry of judgment is a proceeding which completes the record. The time of entry of judgment has not been determined by statute, but the rule of Court in this respect provides that such entry of judgment may be made in vacation provided no bill of exceptions has been allowed. The entry of judgments in vacation has been the settled practice of the Supreme Court under this rule, and we are of opinion that such judgments are valid and legally entered.

The several proceedings of defendant have twice caused recognition and affirmation of this judgment by the Court without objection by defendant, first by Justice Dole upon the motion for the issue of execution, and second by the full Court upon the overruling of the defendant's bill of exceptions when the full Court expressly affirms the judgment.

The defendant took no steps to prevent the entry of judgment, or to bring the case within the rule which provided for the allowance of a bill of exceptions which would prevent the entry of judgment. The bill of exceptions was not filed or allowed until August 29th, 1891, four days after the entry of judgment, and, so far as the record shows, no notice by defendant of any intention to prevent entry of judgment was in any way given; no motion for a new trial nor in arrest of judgment, nor the filing of a bill of exceptions was made before the entry of judgment and the presumption is that de-

fendant relied upon his bill of exceptions as a stay of execution merely, the effect of sustaining his exceptions being the vacating of the judgment.

We are of opinion that the entry of judgment in vacation was not entered erroneously or inadvertently, but is in accordance with law and the rules of Court and is valid, and we cannot now entertain the motion in arrest of judgment.

A motion in arrest of judgment must be made before the judgment is entered. *Kerr vs. Martin*, 7 Haw., 650.

Having arrived at this conclusion, that the judgment cannot be arrested, it is unnecessary to decide the other questions raised. The order staying execution being granted in order to enable the defendant to obtain hearing before this Court upon a motion to set aside the judgment entered therein, and now such judgment having been sustained, it is ordered that the order staying execution (filed March 7th, 1892), be rescinded, and the same is now revoked.

*P. Neumann* and *Thurston & Frear*, for plaintiff.

*A. S. Hartwell* and *F. M. Hatch*, for defendant.