JAMES J. BYRNE *v.* JOHN ALLEN, HENRY ALLEN, HENRY RHODES and W. H. LAMBERT, partners under the name of the PORT ANGELES RED CEDAR SHINGLE AND LUMBER COMPANY, Defendants, and A. FEEK, Garnishee.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 2, 1896.                    DECIDED JUNE 25, 1896.

JUDD, C.J., AND FREAR, J.

A garnishee who took, without objection in the trial court, such steps as amounted in effect to a defense of the defendant, and who took exceptions "for himself and the defendant," will be considered in this court to have acted under the authority of the statute which provides that he, "upon his desire, shall be admitted to defend his principal."

A Circuit Judge who has heard a case, jury waived, in term, may render judgment in vacation, under our practice.

It is not error for a Circuit Court to proceed with the trial and render judgment pending exceptions to a ruling made in the course of the proceedings; nor for the Judge who has heard the case, jury waived, to render judgment at the same time he decides the case; nor for the clerk to enter judgment four days after it was rendered, no bill of exceptions having been presented.

A new trial is ordered unless the plaintiff remits a certain amount held to have been erroneously allowed.

### OPINION OF THE COURT BY FREAR, J.

After the ruling of the trial court that the garnishment must hold as against the receiver (see decision on former bill of exception, *ante*, p. 325) the Court ( a different Judge presiding) heard the plaintiff and garnishee, jury having been waived, and rendered judgment against the defendants and garnishee for $738.29, and $73.83 interest, and for costs. The defendants were in default and the receiver made no further contest in the trial court.    The garnishee took various exceptions to the final judgment and now brings them here.

Plaintiff's counsel contends that the garnishee could not properly take these exceptions, for the reason that they relate to matters which concern only the plaintiff and the defendants, the garnishee being interested only in the question of the jurisdiction of the court over the subject matter and over the defendants, and over the question of the amount owing by him at the time of the garnishment.    We need not consider what the general law is in this respect elsewhere, for our statute relating to garnishment (Comp. Laws, p. 280) expressly provides that the garnishee, "upon his desire, shall be admitted to defend his principal," and, although there appears to have been no formal  request by the garnishee for permission to defend his principals, or order by the court granting such permission, yet he appears to have taken, in fact, and without objection, such steps as amounted in effect to a defense of

his principals, and it is stated in the bill of exceptions that the exceptions were taken by the garnishee "for himself and the defendants." We think it must at this stage of the case be considered that he was acting for the defendants under the authority of the statute, as well as for himself.

These exceptions to the final judgment will be considered in order. Among them are several similar to those taken to the earlier ruling and brought here by the receiver and the garnishee. (See former decision.) The garnishee took these to the final judgment for fear that the bill embodying the exceptions to the earlier ruling might be dismissed on the ground that that ruling was interlocutory. This court entertained that bill of exceptions without considering its propriety, no objection having been made thereto. And without now considering whether the earlier ruling was interlocutory or final, or what the proper practice is in such cases, we may remark that that ruling appears to have been regarded both by the trial judge and by the parties as final as to the question of preference as between the receiver and the plaintiff, and perhaps also as to the receiver's right to further appear and contest the validity or amount of the plaintiff's claim itself; at least the receiver took no further part in the case in the trial court, and appears to have relied on the first bill of exceptions entirely. The questions raised by these exceptions have already been considered with the conclusion that a new trial should be had upon this phase of the case, and the reasons for so holding need not be restated here.

An exception was taken to the rendering of judgment in vacation, there being no stipulation that it might be rendered then. The case was heard, jury waived, in term, and, although the prevailing rule elsewhere may be that in such cases the judgment must be rendered in term, yet we understand it to be otherwise by practice in some jurisdictions as well as by statute in others. It certainly has been the practice here for many years for courts to render in vacation judgments in cases heard, jury waived, in term. So far as we are aware,

the validity of such judgments has never hitherto been questioned here, and we feel obliged to hold that this practice has settled the rule.

There was no error in proceeding with the trial or in rendering judgment pending the first bill of exceptions, or in rendering judgment at the same time the decision was made, or in the entry of judgment by the clerk four days later, no bill of exceptions having been presented. This course is authorized and the rights of all parties protected by our practice and the provisions of the statute. (Secs. 74-78, Ch. 57, Laws of 1892.) See also *Herblay v. Norris*, 9 Haw. 121.

Exception was taken to the allowance of the item "19½ days' work for horses, $78.00," the contention being that this was a mistake for "19½ hours' work for horses, $7.80." It seems that this work was done at $4 a day of ten hours, and it would therefore be very easy to make the mistake of copying "19½ days, $78.00" for "19½ hours, $7.80." The evidence adduced for the defendants upon this item support their contention for "hours," for their account kept concurrently with that of the plaintiff contains an item, "Cr. by 19½ hours with team, $7.80." But as this is not so much a question of the comparative weight of evidence adduced on the two sides as a question of whether the evidence on the plaintiff's side alone is sufficient to support this contention, let us consider that evidence alone. This evidence must be taken as a whole. It is not sufficient if part of it taken by itself would support his case, if the effect of that part is overcome by other parts. The plaintiff testified that his bills were made from his ledger, into which a friend copied the items, some from slips of paper, others from the day books, and that he (plaintiff) thought the item of 19½ hours was a mistake and that the correct item is 19½ days as in the ledger. It thus appears that plaintiff's testimony is not definite as to what is the fact, but is merely what he thinks over a year after the work was done and that his opinion is based on what a third person, a friend, had copied into the ledger. The best evidence is the plaintiff's own slips

of paper and day books from which the third party copied into the ledger. The item appears in one of the day books as "19½ *hours* work horses." That this is the item from which the copy in the ledger of "19½ *days* work with horses" was made, is clear from its date, its position with respect to other items, and the absence of any other item from which the copy could have been made. And the item was inserted in the same way by the plaintiff in an earlier bill presented by him to the defendants in Washington, "19½ *hours* work on road for horses." It may be added that the accounts appear to have been loosely kept and that, as found by the trial Judge, there were a number of mistakes in plaintiff's bill. On the whole we think the evidence such as to indicate a mistake of the facts or of the nature of the evidence on the part of the trial court rather than that the opinion was against the weight of the evidence, and that a new trial should be had unless the plaintiff remits $70.20 and a proportionate amount of interest.

Exceptions were also taken to the allowance of the item of $185.96 for teaming, and to the refusal to allow a credit of $54.70 claimed to have been paid to the plaintiff's attorney in Washington, and to the refusal to allow credits amounting to $28.64 and debts amounting to $21.26, dated after the appointment of the receiver. The facts as they appear are such that it is difficult if not impossible to say with much assurance of correctness exactly what should or should not be allowed in respect of these items, and after careful consideration we are unable to say from these facts that the trial court erred.

A new trial should be had on the issue relating to plaintiff's status upon which a new trial has already been ordered on the first bill of exceptions; if the decision upon that issue shall be for the receiver, the judgment rendered for the plaintiff should be vacated; but if for the plaintiff, then a new trial should be had upon all the issues unless plaintiff remits $70.20 and interest thereon.

*A. S. Hartwell*, for plaintiff.

*L. A. Dickey*, for garnishee.