IN THE MATTER OF THE ESTATE OF KAMAKALA.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED OCTOBER 5, 1899.        DECIDED DECEMBER 9, 1899.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE PERRY, IN PLACE
OF JUDD, C.J., ABSENT.

An oral agreement of counsel, to extend the time of filing an appeal
notice, and to waive the filing of such notice within the statutory
time, was afterwards reduced to writing and filed and passed upon
and allowed by the court. Held, that the appeal was complete, and
that the requirements of the statute under the circumstances of
this case could be waived by counsel.

OPINION OF THE COURT BY WHITING, J.

Petition for the declaration of heirs of one Kamakala (k) deceased. The record before us shows that a decree was signed by the Second Circuit Judge dated April 28, 1898, and filed on that day. A notice of appeal by contestant, Mary Kanoho Brown, was dated and filed May 4, 1898, and is as follows:

"And now comes Mary K. Brown, the contestant in the above entitled cause, against whom a decree was entered therein on the 28th day of April, 1898, by the Hon. J. W. Kalua, sitting in chambers, and hereby appeals to the Circuit Court of the Second Circuit at the next June Term thereof, and gives notice that she will demand a trial of the issue of fact herein before a jury of the country at said term."

S. F. Chillingworth, Esq., was attorney for the petitioner Koba Kamakala, and Geo. Hons, Esq., and A. N. Kepoikai, Esq., were the attorneys of Mary Kanoho Brown, the contestant appellant.

At the December term of the Second Circuit Court, on December 7, 1898, the case was called up and A. A. Wilder, Esq.,

appeared and stated in open court that he had been authorized by Mr. Chillingworth to appear for him in this matter and further that Mr. Chillingworth instructed him to waive the time of filing the appeal. Mr. Hons filed the stipulation waiving time of filing notice of appeal,—to wit, "It is hereby stipulated and agreed between the parties in the above entitled matter that the notice of appeal filed by contestant herein on May 4, 1898, shall have the same effect as if filed within the time required by law." Signed by counsel for petitioner and for contestant. The case was then passed over presumably as Judge Kalua was disqualified from having already rendered a decision.

At the June term of the said Second Circuit Court, June 14, 1899, before Stanley, J., the case was moved on the calendar and J. M. Kaneakua, Esq., appearing for petitioner, moved to dismiss the appeal, claiming that plaintiff's counsel had no right to allow an appeal after the date for taking or perfecting the appeal had elapsed. The counsel for contestant appellant filed an affidavit of S. F. Chillingworth, Esq., the attorney for petitioner. The court then ruled that the notice of appeal had not been filed within the time required by statute and that counsel could not stipulate to waive the time of appeal after it had elapsed, and dismissed the appeal.

The affidavit of S. F. Chillingworth is as follows:

"And now comes S. F. Chillingworth, and being first duly sworn, deposes and says that he was at all times and is now the attorney for Koba Kamakala, the petitioner in the above entitled matter. That the same came on to be heard before the Honorable John W. Kalua, Judge of the Second Circuit, during the month of April, 1898, and that a decree signed by the said Judge was filed on April 28, 1898, by which the said petitioner was decreed one of the heirs of the said Kamakala, deceased intestate. And deponent further says that Geo. Hons, Esq., the attorney for Mary Kanoho Brown, the contestant in the above entitled matter, represented to deponent on said 28th day of April, 1898, that A. N. Kepoikai, Esq., one of the attorneys for contestant was then temporarily at Honolulu, Oahu, and that he, the said Geo. Hons wished to communicate and consult with the said A. N. Kepoikai, Esq., regarding the nature of an appeal which con-

testant wished to take from the decision and decree of the said court, but that he, the said Geo. Hons would not be able to receive any reply from the said A. N. Kepoikai, Esq., until Wednesday the 4th day of May, 1898, being one day later than the time allowed by statute to file a notice of said appeal, and deponent further states that a verbal agreement was then and there entered into between the said deponent, representing the said petitioner and the said Geo. Hons, representing the said contestant, that the said notice of appeal, if filed, after the statutory time had elapsed should have the same force and effect as if filed within the time required by law."

The appeal was taken one day late, see in re *Estate of Lazarus*, 11 Haw. 379, and the dismissal of the appeal must stand unless the waiver by counsel binds the petitioner.

In *Spooner v. Rice*, 11 Haw. 427 the court says, "Courts elsewhere differ as to whether the statutory requirements relating to appeals may be waived. Whichever may be the better opinion on principle, it must be regarded as settled in this jurisdiction that such requirements of the kind now in question may be waived." The waiver in this case was "of the failure to deposit cash or file a bond for costs to accrue and a bond against disposing of property."

In *Coleman v. Coleman*, 5 Haw. 300, the court held that counsel had the right to make the waiver. Accrued costs were not paid until after the ten days for perfecting the appeal had expired. The court overruled the case of *Paakuku v. Komoikeehuehu*, 3 Haw. 642.

The affidavit of S. F. Chillingworth, which is undisputed, shows an oral agreement or stipulation of counsel amounting to an extension of time and also to a waiver of the failure to enter the appeal within the statutory period; and that the agreement was made on the day of the decree and *before contestant lost any right of appeal*, and that this stipulation was afterwards reduced to writing and filed. Further, the waiver was made in open court at the December term, and only at the succeeding June term, 1899, was any objection raised by petitioner. If the case had proceeded to trial at the December term, he certainly

would not be allowed to raise the objection after a decision on the merits had been arrived at.

Under these special circumstances, the party is bound by the agreement of counsel and cannot now take advantage of the action of his counsel which caused the delay in filing the appeal. But we do not go so far as to say that counsel could bind his client, without his consent or ratification, by a waiver made after the time for taking the appeal had elapsed, there being no prior agreement or stipulation such as in the present case.

The order appealed from dismissing the appeal to the Second Circuit Court is reversed, and the case is ordered reinstated in said court.

Exceptions sustained.

*S. F. Chillingworth* and *J. M. Kaneakua* for petitioner.

*Geo. Hons* and *A. N. Kepoikai* for contestant.