MARY S. ROSE *vs.* HENRY SMITH.

EXCEPTIONS TO FINDINGS OF AUSTIN, J.

APRIL TERM, 1885.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

Plaintiff in ejectment need not show possession within twenty years if he shows title and no adverse possession is proved.

The Clerk having failed to enter judgment on a verdict, the Court will order it entered when the defect is noticed, *nunc pro tunc.*

It having been held, in *Keahi vs. Bishop,* 3 Hawn., 546, that an adjudication of pedigree is binding in every subsequent action where the same question is raised; held that defendant here is estopped by the judgment in a former suit, notwithstanding the failure of the Clerk to enter judgment therein.

Exceptions overruled.

OPINION OF THE COURT, BY JUDD, C. J.

THE plaintiff brings her action of ejectment to recover possession of, firstly, a parcel of land situated on Fort street (Kaliu), Honolulu, being land conveyed by Kamehameha IV. to one Keoni Liaikulani, by deed dated August 12, 1862, and by Keoni Liaikulani conveyed to plaintiff by deed dated the 9th of October, 1872.

The Court below, Mr. Justice Austin, jury being waived, held that plaintiff could not take judgment for this parcel, as no original title in Kamehameha IV. was shown. To this no exception was taken by plaintiff and we are not to consider it further.

The complaint also claims, secondly, a parcel of land also situate at Kaliu, Honolulu, being part of the land described in Royal Patent No. 4517 (Land Commission Award 651) dated May 29, 1862, to Liaikulani. The plaintiff claims this parcel under the deed above mentioned, of Keoni Liaikulani to her, dated October 9, 1872, and recorded in liber 35, pp. 406 and 407.

The Court below gave judgment to plaintiff for this parcel.

The bill of exceptions raises, first, the question whether, no entry or possession of this land by the plaintiff or her predecessor or

47

ancestor being shown, the plaintiff has a right of action under the statute of limitation of real actions enacted in 1870.

We do not think that the statute bears the construction put upon it by the counsel for defendant, that in order to entitle a person to recover in ejectment he must show, in addition to his title in fee simple, that he has been in actual possession of the land within twenty years.

"It is a familiar rule of law that there can be but one actual seizin of an estate; that possession follows the title in the absence of any possession adverse to it; and, as a result of these two principles, that the rightful-owner of land is deemed to have the possession until he is ousted from it or disseized, and also, in the absence of limitations, that he is restored to possession when the hostile possession or disseizin ceases. Want of possession, therefore, in the true owner implies ouster of him by another through an entry and hostile possession.

"Hence, the ultimate test of the want of possession of the true owner, and his neglect to assert his right to the possession, upon which the statutes of limitation rest, is the existence of an adverse possession of another denying the owner's right."

Sedgwick and Wait, Trial of Title to Land, Sec. 728.

"The true owner being in possession by force of his title, he so remains until disseized or ousted by some one who enters with a claim of adverse possession. When this ouster takes place the limitation of the statute begins to run. Bearing in mind at the outset that the object of the statute is to cut off and defeat the claim of the true owner, we arrive at the general principle that the criterion of the time when the statute begins to run is the ouster of the true owner and his consequent right to be reinstated in the possession, and that it is not in theory the entry of the adverse claimant. To determine, then, the character and sufficiency of an entry as the foundation of an adverse possession we inquire whether it is sufficient to constitute an ouster of the one entitled to the possession." Id., Sec. 730.

We quote thus largely from the above work as expressing our ideas fully.

It is to be noticed that our statute is very similar to those of the New England States, following very closely that of Massachusetts,

and in none of them is there any provision as to what shall be deemed an adverse possession sufficient to bar a suit or entry.

"The statute will not commence to run until a cause of action has arisen in favor of the person having the rightful title; in other words, until he has been disseized by the person in possession or those in privity with him in the possession."

Wood's Lim. Actions, Sec. 256.

We do not think it incumbent upon the plaintiff to show that she or her ancestors have been in possession of the land within twenty years if she shows title to the same and no adverse possession is proved. It is therefore unnecessary to discuss the question whether certain accounts in the Probate Court are evidence of admission by defendant's ancestor of possession or receipt of rents and profits in behalf of Keoni Liaikulani. The difficulty with the proof submitted appears to be that it does not appear from what specific land the rents were collected.

But it is further contended that the records of the Court adduced by plaintiff are not conclusive either in her favor or against the defendant.

In 1853 letters of administration were granted to Kaaiawa (k) and Mahiai (w) on the estate of Liaikulani. Mahiai was Liaikulani's sister, and she by Kaaiawa had a son, Kaawihi (erroneously printed Kauhi), who is defendant's grantor.

In 1871 Kaaiawa, surviving administrator of the estate of Liaikulani and guardian of Keoni Liaikulani, was summoned on the petition of said Keoni, then twenty-three years old, to file his accounts. He did so, and the same were allowed by the Probate Court. Kaaiawa then petitioned for his discharge and that the property might be distributed to the heirs. Publication was made of the time of hearing, and proofs taken. The Probate Judge decreed that Keoni Liaikulani was the son and heir-at-law of Liaikulani. Kaawihi contested the claim of Liaikulani and appealed to a jury, claiming that Keoni Liaikulani was illegitimate, and that he, as nephew of Liaikulani, was the heir-at-law. The jury found, by their verdict, in favor of Kaawihi, and judgment was entered thereon. But the Court granted a new trial. The case is reported in 3 Hawn., p. 356.

Upon a second trial on the same issue the verdict of the jury

was in favor of Keoni Liaikulani, but no judgment was entered upon that verdict. Exceptions were taken but were afterward withdrawn by the counsel for Kaawihi. It is claimed by defendant's counsel there is no judgment in favor of Keoni Liaikulani and that Kaawihi is not estopped by the verdict.

We think that as the law makes it the clerk's duty to enter up judgment on a verdict (unless certain named proceedings are taken) the Court must now regard such entry as having been made, and may order it to be made *nunc pro tunc.*

See *Tenorio vs. Brown,* 4 Hawn., 665.

We are aware that it was the practice of former clerks not to enter judgments forthwith, but to take time for them, often after the Court had adjourned for the term, and generally when exceptions were taken the judgment was not entered until the case was finally disposed of. Exceptions having been taken to this second verdict, entry of judgment was postponed and probably forgotten by the clerk.

The principle that "the adjudication of a question of pedigree will be binding, not only in the proceedings in which they take place, but in every other in which the same question is agitated," was settled in *Keahi vs. Bishop,* 3 Hawn., 546, and has since been repeatedly affirmed.

It would not be seriously contended that if judgment had been entered on the second verdict of the jury, Kaawihi and his grantee, the defendant, would not thereby be estopped.

The plaintiff, as the grantee of Keoni Liaikulani, must not be allowed to suffer by the act of the Court, and should be in no worse position by the failure to enter the judgment than if the judgment had been duly entered.

We think the estoppel is complete and accordingly overrule the exceptions.

*E. Preston,* for plaintiff.

*A. S. Hartwell,* for defendant.

Honolulu, June 8, 1885.