*C. Brown,* for defendant.

---

MARY KALEIALII, for herself and as next friend for DAISY, CAROLINE and ROBERT McKEAGUE, minors, *vs.* MORRIS S. GRINBAUM and M. LOUISSON, doing business under the firm name of M. S. GRINBAUM & COMPANY.

APPEAL FROM COOPER, JUDGE.

HEARING, JULY 8, 1893.          DECISION, JULY 31, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

A judgment may be pleaded in bar to a second suit, although it was entered by the clerk without an order of the Court after the expiration of the time within which it should have been entered in accordance with the statute and rules of Court.

A judgment for the defendant in an action brought by one to whom a promise was alleged to have been made for the benefit of another, will bar a second suit brought by the one for whose benefit the promise was alleged to have been made.

A promise cannot be supported by an executed consideration.

A promise made by A to C by way of substitution for a promise by A to B for the benefit of C would require the assent of B to make it binding.

OPINION OF THE COURT, BY FREAR, J.

The bill alleges that the defendants, through their agent, one Selig, promised one T. A. Lloyd, guardian of John McKeague, *non compos,* then the husband of the plaintiff,

Mary Kaleialii, that they, the defendants, would pay to said Lloyd the sum of $5,000 for the benefit of the said Mary Kaleialii and her children, if he, the said Lloyd, would bring a suit in equity to set aside a certain mortgage made by said McKeague to one Kennedy, and should succeed in procuring the same to be set aside, and if in consequence thereof the defendants should realize the sum of $40,000 upon foreclosure of a certain mortgage held by them upon the property covered by the first above mentioned mortgage; that said conditions were performed; that afterwards the defendant, M. Louisson, in behalf of the firm of M. S. Grinbaum & Co. and the said Mary Kaleialii, in pursuance of said promise, agreed that the defendants should retain the possession of the said sum of $5,000 and pay the sum of $25 monthly as interest upon the same to said Mary Kaleialii, for the benefit of herself and her said children, until they should arrive at their legal majority; that the defendants paid the said sum of $25 as aforesaid for some time, and then refused, and still refuse, to continue to pay the same. The plaintiff prays that the defendants be decreed trustees of said sum of $5,000 for the use of said Mary Kaleialii and her children, and for an accounting.

The defendants, by way of answer, deny the making of either of said promises or agreements, and aver that they made the monthly payments voluntarily, and as a matter of mere charity, and, by way of plea in bar, allege that said Lloyd brought against these defendants his action at law at the July Term, 1891, of the Supreme Court of the Hawaiian Islands, upon said promise alleged to have been made to him, and that upon issue joined therein and trial thereof by a jury at said term, a verdict was rendered for these defendants, and that final judgment was entered upon said verdict, and is now in full force and effect.

The case comes to us upon appeal from a decree of a Circuit Judge of the Circuit Court of the First Circuit, who sustained the plea in bar and dismissed the bill.

The first point raised by plaintiff's counsel is that the judgment offered in evidence by the defendants in support of

their plea should not have been admitted, because it had been improperly entered, and is not in proper form. The rule of Court then in force required the judgment record to be filed before the end of the term in which the verdict was rendered, or within ten days thereafter, no exceptions having been allowed, and the statute requires that "Judgment shall be entered by the clerk, without motion, immediately upon the rendition of a verdict." The judgment in question was entered May 2, 1893, as of the July Term, 1891. It is contended that judgment could not be so entered *nunc pro tunc,* or at least not without an order of the Court.

When a judgment has actually been rendered at a term of court and the clerk has omitted to enter it within the time required by rule or statute, the Court undoubtedly has power to order an entry *nunc pro tunc* at any time afterwards, provided no injury would thereby result to third parties. Black, Judgments, Sec. 130. It is the practice in many jurisdictions for the party desiring such entry, to first obtain an order from the Court. But this is not essential, and it has not been the practice in this country to obtain such order. The practice of the clerks not to enter judgments forthwith, but to take time for them, was recognized by this Court in *Rose vs. Smith,* 5 Haw., 380. Indeed, this case is direct authority for holding that a former judgment pleaded in bar must be regarded as having been entered upon the rendition of the verdict, whether actually entered or not, inasmuch as it was the clerk's duty to enter it. In *First Nat. Bank vs. Wolff,* 79 Cal., 73, and in *Bundy vs. Maginess,* 76 Cal., 532, it was held that a judgment was properly entered by the clerk after the time within which it was required by the statute to be entered. No injury could result to a defeated party by such entry. It is in his power to move for entry at once, or, to move for an amendment afterwards if the entry is not conformable to the judgment rendered. The judgment could not be impeached collaterally merely because entered *nunc pro tunc* without an order of the Court. The judgment is also in proper form, although in the

form required by the new rules of the Circuit Courts. The former rule of the Supreme Court relating to the form of judgment was and purported to be directory only.

Plaintiff's counsel further contends that the judgment is not a bar because the present plaintiff was not a party to the former action, and because Lloyd was not the proper plaintiff in that action.

The original promise, if any, was made to Lloyd for the benefit of the plaintiff and her children. It is immaterial whether Lloyd be regarded as a trustee of an express trust, or as a mere promisee to whom a promise was made for the benefit of another. In either case he was a proper party plaintiff. Bliss, Code Pl., Secs. 54, 55, 58, 262; Langdell, Contracts, Summary, Sec. 62. In some jurisdictions where a promise is made to one for the benefit of another, either may bring the action in his own name. But a judgment recovered by one would be a bar to an action brought by the other. It is not necessary that the parties to the two suits should be nominally the same; it is sufficient if they are really and substantially the same in interest. Black, Judgments, Sec. 537. A judgment against one who sues for the benefit of another will bar a second suit by the latter in his own name. Ib., Sec. 538. *Rogers vs. Gosnell*, 51 Mo., 469.

But it is further contended that prior to the bringing of the action at law a new agreement was entered into by which Lloyd surrendered his trust, and the defendants became trustees in his place for the benefit of the plaintiff and her children, and that consequently Lloyd could not properly bring the former action, and that this suit is not based on the original promise, but upon the subsequent agreement. The new agreement alleged to have been made between the plaintiffs and defendants could not stand by itself. There was no consideration. A promise cannot be supported by a past or executed consideration. The second agreement or arrangement, if any, must have been made either in pursuance of or by way of substitution for the first agreement. In either case the consent of Lloyd, the promisee in the first

agreement, would be essential. A new agreement by way of substitution would require a consideration—as a release of Grinbaum & Co. by Lloyd from the obligation of their promise to him in consideration of their payment or promise to pay or hold the $5000 to, or for the benefit of, the plaintiff and her children. There is no evidence of any such binding agreement. On the contrary, the very fact that Lloyd afterwards brought the action at law is strong proof, aside from other evidence, that no such new contract was ever made. The new arrangement, if any, therefore, must have amounted to no more than a mere method of carrying out the first agreement, Lloyd still remaining the promisee. This appears to be the view taken by the plaintiff herself, for she alleges in her bill that the new agreement was made in pursuance of the original promise. Lloyd would merely be estopped from claiming any moneys paid out, or from holding the defendants liable for any acts done, by his consent. It would still be in his power at the time he brought his action to enforce, by suit or otherwise, the original promise, if any, so far as it remained unperformed.

The decree appealed from is affirmed, with costs.

*A. Rosa*, for plaintiff.

*A. S. Hartwell*, for defendants.