## D. K. KUKEA *v.* J. KEAHI.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED SEPT. 22, 1896.        DECIDED NOVEMBER 5, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

An action of ejectment does not abate by the death of a sole defendant between verdict and judgment.

The court may after such death hear and dispose of a motion for a new trial made prior thereto by the defendant, and may hear in support of such motion counsel as *amicus curiae.*

OPINION OF THE COURT BY FREAR, J.

The plaintiff obtained a verdict for the land and $67.58 damages in an action of ejectment at the January Term, 1892, of the Supreme Court. Defendant's counsel excepted to the verdict as contrary to the law and the evidence and gave notice of a motion for a new trial, and afterwards within the ten days allowed by statute filed such motion. In May of the same year plaintiff's counsel moved that defendant's motion for a new trial be disposed of, but it does not appear that any further action was taken until June 29, 1896, when new counsel for the plaintiff made a similar motion in the Circuit Court (to which jurisdiction had meanwhile been transferred) namely, that the motion for a new trial be disposed of. Notice of this (the plaintiff's) motion was given to defendant's former counsel who appeared and moved that it (the motion) be dismissed on the ground that the action had abated by reason of the defendant's death, which was shown by affidavit to have occurred in August,

1893.   The court held that the action had abated and denied the plaintiff's motion.  The case comes here on an exception to this ruling.

The prevailing view elsewhere is that an action does not abate by the death of a sole defendant after verdict and before judgment, but that judgment may be entered after such death as of a day or term prior thereto.   One who has obtained a verdict determining his rights ought not to be deprived of the benefit of it from a mere delay in entering judgment, especially if such delay is not the result of his own laches but is occasioned by the acts of the opposing party in interposing motions or of the court in taking time for advisement.   *Kelly v. Riley*, 106 Mass. 339; *Dial v. Holter*, 6 Oh. St. 228; *Hilker v. Kelley*, 130 Ind. 356.   There is greater reason for so holding under our practice where judgment is required to be entered by the clerk as a matter of course immediately after verdict and no motion or order therefor is required, and exceptions or a motion for a new trial has the effect rather of staying execution than of postponing judgment.   Civ. Code, Sec. 1155.   *Rose v. Smith*, 5 Haw. 377.   If a motion for a new trial were made or exceptions taken by the losing party before his death, the court might proceed to dispose of the same, and, if the motion or exceptions were overruled, the verdict would stand and judgment, if not already entered, might then be entered *nunc pro tunc*, but if sustained and the verdict set aside, no doubt ordinarily, in the absence of a statute providing otherwise, the action would abate, for its status would then become that of an action against a sole defendant who had died before verdict.   See cases *supra.* Strictly speaking, of course, there can be no appearance for a deceased party, but in such cases the practice seems to be for the court to hear some one as *amicus curiae*, preferably the attorney who acted for the decedent in his life time.   See *Hilker v. Kelley* and *Kelly v. Riley, supra*; also *Tapley v. Marten*, 116 Mass. 275; *Currier v. Lowell*, 16 Pick. 170.   It might be advisable to give notice of further proceedings to the representatives or heirs of the deceased party, so far as they may be known, as well as to the decedent's former counsel.

We are asked to hold merely that the action has not abated and that the plaintiff may proceed with his motion to have defendant's motion for a new trial disposed of. This, no doubt, is a proper course for the plaintiff to pursue, and we are not now called upon to say whether he might have had judgment entered and have proceeded to execution on the presumption that the motion for a new trial had been abandoned.

The exceptions are sustained and the case remitted to the Circuit Court for further proceedings.

*Magoon & Edings*, for plaintiff.

*A. Rosa* as *amicus curiae, contra*.