In the Matter of the Application of GEORGE WADE for a Writ of *Habeas Corpus*.

## April 10, 1908.

*Practice—Habeas Corpus—Proof of oral decision not entered in the record:* A prisoner brings proceedings for a writ of *habeas corpus* and the judge orders his discharge. The respondent gives notice of appeal and the prisoner continues in custody. Long afterwards he brings new proceedings in *habeas corpus* in another jurisdiction, reciting such former order of discharge. The respondent alleges hearing on appeal of former case and that the order of discharge appealed from was reversed by the court and prisoner remanded, but shows no copy of decision or order or record of any kind, only reciting "as more fully appears on the minutes of" appellate court. *Held,* denying prayer for discharge, that evidence of such decision would be received with caution and considered.

*Habeas Corpus*: Motion for discharge of petitioner.

*C. C. Bitting,* Attorney for Petitioner.

*C. R. Hemenway,* Attorney General, and *W. L. Whitney,* Deputy Attorney General, for Respondent.

Dole, J.   The petitioner alleges that under an indictment for murder in the first degree, found in the circuit court of the first circuit of the Republic of Hawaii, the petitioner pleaded guilty of murder in the second degree on August 7, 1899, and was sentenced to imprisonment at hard labor for life.   On August 20, 1901, he was discharged from imprisonment by order of a judge of the circuit court of the first circuit of the Territory of Hawaii in *habeas corpus* proceedings, and the petitioner pleads that such order has never been annulled, reversed or set aside, but remains in full force, and that he is entitled to his discharge under such order; that on February 6, 1902, the petitioner was tried and convicted by the circuit court of the first circuit of the Territory of Hawaii under an indictment by a grand jury of such court charging him with murder in the first degree and being the same offense with which he had been previously charged; upon such second conviction he was sentenced to imprisonment at hard labor for ten years.   Under these allegations the petitioner claims that he is now held a prisoner without due process of law and has been twice put in jeopardy of his life for the same offense and has suffered cruel and unusual punishment, and is now being held under the first sentence.

The respondent, by his return and supplementary return, admits that the petitioner is in custody as alleged, and the order for his discharge as alleged, but alleges that the respondent appealed from the decision or order discharging him as aforesaid to the supreme court of the Territory of Hawaii and that such appeal was heard at the October, 1901, term of said court, and that on November 11, 1901, the said court reversed the decision of the said circuit court of the first circuit discharging said petitioner and remanded him into custody "as more fully appears on the minutes of the said supreme court"; and the respondent admits that on the 6th day of February "a certain purported mittimus purporting to order" the petitioner into the custody of the high sheriff of the Territory of Hawaii on a sentence of ten years predicated on a verdict of manslaughter

in the first degree, which mittimus is the same as that referred to by petitioner, and that the respondent "does not claim to hold the said George Wade under said purported mittimus and he denies that the said George Wade was and now is in custody of him, the said William Henry, high sheriff, under and by virtue of said purported mittimus."

In his traverse to the return, the petitioner denies the alleged appeal or that the record in the case was ever before the supreme court of the Territory or that such court ever had jurisdiction of the person of the petitioner, and prays that he may be discharged from restraint.

It thus appears that the return does not submit any copy of a judgment or order or decision reversing the order of the judge of the first circuit court discharging the petitioner under *habeas corpus* from custody August 20, 1901. The petitioner demands his discharge on this ground and submits numerous authorities in support of his motion. The respondent on the other hand claims that opportunity should be given him to show that the alleged decision reversing the order by which the petitioner was discharged was duly made.

I find on reference to cases that precedents differ greatly in regard to the rights of parties under such circumstances. Many of the authorities submitted by petitioner's counsel have been rendered under the provisions of the codes and practice acts of some of the States. Such decisions are not necessarily applicable to this question inasmuch as some of these States have adopted arbitrary rules in regard to the proof or extension of judgments that have not been entered or that have been irregularly entered or entered under memoranda which are vague and uncertain. In the common law jurisdictions,—to apply more directly to the practice of the courts of the Territory of Hawaii, the precedents are more liberal. The principle is something like this: where the judgment has not been entered, it is unsafe to attempt to enter it in the records from the memory of the judge, yet some of the courts have recognized the fact that their memory of recent cases may be more or less re-

liable, and have made the rule that such corrections or statements of an oral decision may be entered upon the memory of the judge during the same term in which the decision was announced, but not at any succeeding term, but that if there are memoranda by the judge or by the clerk which show beyond a doubt the conclusions of such a decision, such evidence may be used in proving or correcting or extending it. These courts differ, however, some ruling that only such memoranda as are required by law to be kept can be used for this purpose, others being more liberal. The point aimed at is to allow the proof or extension on the record of decisions which have not been entered or imperfectly entered, by reliable evidence which shall prove their character beyond a doubt.

The practice of the Hawaiian courts, both before annexation and after, appears to be less formal and more liberal as to technicalities than that of any other part of the United States. There is no question but that under the Hawaiian practice a court may correct or prove decisions which have been made and not entered in the records or imperfectly entered at any time afterwards at succeeding terms and enter judgments and orders accordingly. *Kaleialii v. Grinbaum & Co.,* 9 Haw. 213; *Rose v. Smith,* 5 Id. 377.

May this court recognize an oral decision of the supreme court of the Territory of Hawaii not entered upon the minutes of the clerk, not followed by an order remanding a prisoner, not evidenced by any memoranda signed by anyone, as the supreme court itself might do if the matter were before it?

In the case of *Schuster v. Rader,* 22 Pac. 505, 506 (Colo., 1889), " the judgment having been so pronounced in open court, the act of entering the same in the record by the clerk was purely ministerial, and was not essential to the existence of the judgment so rendered, though the entry was necessary to preserve it, and, as a matter of proof, was the best evidence of its existence. The judgment derived its force and effect from the fact that it had been so considered, adjudged, and decreed by the court; and it became effective from the time of such ad-

judication and promulgation in open court, though the minis-
terial act of entering the same in the records of the court might
be delayed." This is a case in a code state, but there was
probably no statute which prevented such ruling. The decision
in this case draws a distinction between a judgment announced
or orally promulgated, and a judgment by confession, which
takes effect and has an existence only from the date and by
reason of the endorsement and entry thereof by the clerk.

" While we admit the power to amend a record after the
term has passed in which the record was made up, we depre-
cate the exercise of the power in any case where there was the
least room for doubt about the facts upon which the amend-
ment was sought to be made. * * * But when the facts
stand undisputed, and the objection is based upon the technical
point alone that the term is passed at which the record was
made up, it would be doing violence to the spirit which per-
vades the administration of justice in the present age to sus-
tain it. It is our opinion that this power, of necessity, exists
in the district court, and that its exercise must in a great meas-
ure be governed by the facts of each case." *Bilansky v. The
State of Minnesota,* 3 Minn. 427, quoted with approval in *In
re Wight,* 134 U. S. 136, 145.

1 *Freeman on Judgments,* 4th ed., sec. 61, p. 80, has the
following:

" Probably the weight of authority sustains the rule that
only by some entry or memorandum on or among the records
of the court can the rendition of a judgment be proved. It is
not necessary that the record state in express terms that a judg-
ment was entered. If the facts shown by it 'are such as to
reasonably and fairly carry conviction that a judgment was in
fact rendered, this is sufficient'."

Yet the same section says, "An entry must somewhere be
found and produced in court, apparently made by the authority
of the court. It must be in some book or record required to
be kept by law in that court."

There is no law requiring minutes to be kept by the courts
of the Territory of Hawaii, nor, for that matter, requiring

records to be kept. It is a matter of course that records in the nature of papers in the case and minutes of proceedings, shall be kept, and if there is no law requiring them the first quotation from Freeman would apply if there are memoranda of proceedings kept as a matter of custom or convenience by the judge or by the clerk, especially if such memoranda are connected with or are a part of the proceedings. The only statutory provision in regard to the records of the courts of Hawaii that I have been able to find is the provision in section 1686 of the Revised Laws which requires that the clerk shall supervise and direct the mode of keeping accounts and records.

Alabama, a code State, has the following in the case of *Kuentheun v. State,* 92 Ala. 91: " The bench notes of a judge, when showing the necessary data, are regarded as sufficient."

It is laid down in favor of the strictness adopted by many jurisdictions in regard to proving judgments that third parties are likely to be affected by a later statement of a judgment which has been absent from the record for a period of time. This point does not figure in this case. The question is, was the petitioner remanded to custody by the supreme court of the Territory of Hawaii and the decision of the circuit court which discharged him reversed?

The authorities cited apply mainly to the power of courts to correct their own records. The argument of memory and familiarity with proceedings does not apply in a case like this, when a court is asked to receive evidence to prove a ruling of another court.

I feel, however, that this court may go into the matter and receive testimony as to the alleged decision bearing on the disposition of the appeal in question, if there was such appeal, and as to its exact character. Such investigation must perforce be strict and guarded in its allowance and consideration of evidence.

The motion to discharge the petitioner is denied; the court will receive evidence in support of the alleged decision.