*A. L. Castle* (*Castle & Withington* on the brief) for defendants.

---

## MAUKAA SYLVA (w.) *v.* WAILUKU SUGAR CO.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

ARGUED MARCH 3, 1909.                    DECIDED MARCH 29, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

EJECTMENT—*verdict contrary to law.*

> In ejectment a verdict for plaintiff claiming title by inheritance, the evidence showing that the paper title was in defendant, and the jury being instructed that plaintiff could not also claim by adverse possession, is contrary to law and must be set aside.

EJECTMENT—*death of plaintiff.*

> Plaintiff in ejectment having died after a verdict in her favor and before defendant's bill of exception was allowed, a motion in this court by plaintiff's heirs to be substituted will be denied. *Kukea v. Keahi*, 10 Haw. 505.

### OPINION OF THE COURT BY WILDER, J.

This is an action of ejectment for several pieces of land in Waikapu, Maui, in which a verdict was rendered for plaintiff who claimed title by inheritance. Evidence was offered at the trial in her behalf tending to support that claim and also a claim by adverse possession. Defendant showed a paper title to the land and also claimed by adverse possession. Defendant brings exceptions.

After the evidence was all in defendant requested the court to give the jury the following instruction: "I hereby instruct you that the plaintiff in this case, claiming the land in controversy by inheritance, cannot avail herself of any claim to said property by reason of adverse possession thereof." Plaintiff then moved to amend her complaint so as to include a claim by adverse possession. This motion was denied and the instruction in question was given. As under the evidence plaintiff was entitled to recover if at all only by adverse possession, it is clear that the verdict was contrary to law and consequently it will have to be set aside and a new trial ordered. Defendant urges, however, that plaintiff's evidence of adverse possession, which was weak and unsatisfactory, failed to show that it was continuous for the statutory period and that it should have judgment non obstante. If on a new trial the court should allow the plaintiff to amend so as to claim by adverse possession, we cannot say that the evidence then to be given will be the same as now, and so we do not deem it necessary to discuss whether the evidence as it stands justifies a verdict on that theory.

Plaintiff having died after verdict and before the bill of exceptions was allowed, her children suggested that fact in this court and moved that they as her heirs be substituted in her place. Under the practice laid down in *Kukea v. Keahi,* 10 Haw. 505, the motion will be denied.

Exceptions sustained.

*Vivas & Correa* as amici curiae.

*M. F. Prosser,* (*Kinney, Marx, Prosser & Anderson* on the brief), for defendant.