FRANK E. THOMPSON, ADMINISTRATOR OF THE ESTATE OF TAM WOODS (ALSO KNOWN AS TOM WOODS), DECEASED, *v.* MANUEL RAPOZO.

No. 1515.

ORIGINAL PETITION FOR WRIT OF CERTIORARI.

ARGUED APRIL 2, 1924.                    DECIDED APRIL 16, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

APPEAL AND ERROR—*parties—death of prevailing party after judgment and before presentation by opposite party of proposed bill of exceptions.*

> Upon the death of a party after judgment in his favor and before presentation by the opposite party of a bill of exceptions to review said judgment it is unnecessary in order to prosecute exceptions that the appellant secure a substitution of the legal representative of such deceased party.

OPINION OF THE COURT BY PETERS, C. J.

By this writ of certiorari the administrator of the estate of Tam Woods, deceased, challenges the jurisdiction of the fifth circuit court to abate an action of trespass on the case in which plaintiff's intestate was plaintiff and one Rapozo defendant.

The following appears from the record: On September 30, 1921, after a trial jury waived, judgment was entered in said cause in favor of the intestate and against

the defendant for damages in the sum of three thousand dollars and costs theretofore taxed.   The defendant prosecuted exceptions.   One of the defendant's exceptions was sustained by this court upon the ground that the trial court contrary to the provisions of section 2380, R. L. 1915, had failed to state in its decision its reasons therefor, but inasmuch as no error was found to have been committed upon the trial prior to decision the cause was ordered remanded to the trial court with instructions to the trial judge to render a decision giving his reasons therefor in compliance with law.   (See 27 Haw. 20.) Prior to remand, however, petitioner herein appearing in his representative capacity gave this court to understand and for the first time in the course of the proceedings in this court in said cause this court was informed (although at all times known to counsel for both plaintiff and defendant) that subsequent to judgment but prior to presentation by the defendant to the trial court for allowance of his bill of exceptions, Tam Woods, the plaintiff, had died, and moved this court to amend its decision by ordering the trial court upon the rendition by it of a decision in compliance with the mandate to enter a judgment in favor of plaintiff and against defendant *nunc pro tunc* as of the date of the original judgment.   This motion was denied upon the ground that the rendition of decision in accordance with the mandate was a judicial act; that the effect of our opinion was to require the trial court to continue anew upon the trial of the cause where the error occurred, that is, at the point of the rendition of its opinion, and that accordingly as it rendered an opinion for plaintiff or defendant judgment should be rendered as of the date of its entry.   Upon *remittitur* and before the trial court had an opportunity of complying with the mandate the defendant appeared before the trial court, suggested the death of the plaintiff and prayed the abate-

ment of the action.   The petitioner herein as administrator of said decedent appeared upon said motion as *amicus curiae* and upon hearing had the motion was granted.   It is to this order of abatement that the writ seeks review.

Plaintiff herein contends that all the proceedings had subsequent to the death of his intestate, that is, the presentation by defendant of his bill of exceptions, its allowance by the trial court, the review upon such exceptions by this court and the subsequent action of the trial court in abating the action, were, by reason of the failure to secure substitution of party-plaintiff, void, neither the trial court nor this court having had jurisdiction of the party-appellee, and hence the original judgment entered in favor of the plaintiff and against the defendant stood unaltered and undisturbed.

This court, however, has already held to the contrary. In the case of *Kukea* v. *Keahi,* 10 Haw. 505, decided in 1896, the defendant, against whom a verdict had been rendered in ejectment, died pending his motion for a new trial.   Plaintiff's counsel moved the court for disposition of the motion for a new trial, notice of which was given to defendant's former counsel who appeared and moved that plaintiff's motion be dismissed on the ground that the action had abated by reason of the defendant's death.   The trial court held that the action had abated and vacated the plaintiff's motion.   Plaintiff prosecuted exceptions.   This court held: "If a motion for a new trial were made or exceptions taken by the losing party before his death, the court might proceed to dispose of the same, and, if the motion or exceptions were overruled, the verdict would stand and judgment, if not already entered, might then be entered *nunc pro tunc,* but if sustained and the verdict set aside, no doubt ordinarily, in the absence of a statute providing otherwise, the action would abate, for its status would then become that of an action against a sole de-

fendant who had died before verdict.    See cases *supra*
Strictly speaking, of course, there can be no appearance
for a deceased party, but in such cases the practice seems
to be for the court to hear some one as *amicus curiae,*
preferably the attorney who acted for the decedent in his
lifetime." (Citing cases.)  "It might be advisable to give
notice of further proceedings to the representatives or
heirs of the deceased party, so far as they may be known,
as well as to the decedent's former counsel.  We are asked
to hold merely that the action has not abated and that the
plaintiff may proceed with his motion to have defendant's
motion for a new trial disposed of.  This, no doubt, is a
proper course for the plaintiff to pursue * * *."  In the
case of *Sylva* v. *Wailuku Sugar Co.,* 19 Haw. 385, decided
in 1919, plaintiff prevailed in an action of ejectment.
Defendant brought exceptions to this court.  Plaintiff
died after verdict and before the bill of exceptions was
allowed.  Her children suggested that fact in this court
and moved that they as her heirs be substituted in her
place.  This court denied the motion under the practice
laid down in *Kukea* v. *Keahi, supra.*

It would therefore appear that upon exceptions it is
unnecessary upon the death of the prevailing party after
judgment to secure a substitution of his legal representa-
tive.  Had either of the parties suggested the death of the
plaintiff to the trial court or to this court pending appeal
the practice as laid down in the *Keahi* case no doubt
would have followed.  But the parties themselves observed
all the amenities necessary for the representation of the
legal representative of the deceased both before the trial
court and this court as fully and to all intents and pur-
poses as either court could have done had it been advised
in the premises.    Defendant's bill of exceptions was
served upon Messrs. Thompson, Cathcart & Ulrich, the
former attorneys of the plaintiff, of whom F. E. Thomp-

son, Esq., the petitioner herein individually, was a partner. The bill was only allowed by the trial judge after ample time had intervened to permit objections or proposed amendments thereto to be filed. Notice of the docketing of the cause in this court pursuant to its rules was given by the clerk to former counsel. They appeared, in due course filed a brief and fully argued the case upon submission. Nothing was left undone by the parties that would or could have been done by the court to effect proper representation of the representative of the deceased plaintiff. Under the circumstances both the trial court and this court had jurisdiction of the subject-matter and representative of the deceased plaintiff and this being the only subject of review the writ must be dismissed and it is so ordered.

*Marguerite K. Ashford* (*Thompson, Cathcart & Beebe* with her on the briefs) for petitioner.

*L. A. Dickey* (*P. L. Rice* with him on the brief) for respondent.